UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK CONSTANTINO,<br><br>           Plaintiff,<br><br>   vs.<br><br>ACE PROPERTY & CASUALTY INSURANCE COMPANY, CHUBB INSURANCE COMPANY, METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY a/k/a METLIFE AUTO & HOME, JOHN DOE, 1-5, NAMES BEING FICTITIOUS AND UNKNOWN, AND ABC CORPORATIONS, 1-5, NAMES BEING FICTITIOUS AND UNKNOWN<br><br>           Defendants. | Case Number:<br><br>**NOTICE OF REMOVAL** |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446 *et seq.*, defendant Ace Property & Casualty Insurance Company, also incorrectly named as Chubb Insurance Company, ("ACE P&C"), hereby submits notice of removal of the above-entitled civil action from the Superior Court of New Jersey Law Division, Essex County ("the State Court Action") to the United States District Court for the District of New Jersey.  Removal of this action, as explained below, is based upon diversity of citizenship, pursuant to U.S.C. § 1332(a).

In support of the removal of this case, Defendant submits the following:

1.    ACE P&C is a defendant in the State Court Action, brought in the New Jersey Superior Court Law Division, Essex County.  A Copy of the Summons and Complaint served on ACE P&C in that action are attached hereto as "Exhibit A."

1

2. This action is a civil action of which this court has original jurisdiction pursuant to the provisions of 28 U.S.C. §1332, and is one which may be removed to this court by ACE P&C pursuant to the provisions of 28 U.S.C. §1441 in that it is a civil action wherein the matter in controversy exceeds the value of seventy-five thousand dollars, exclusive of interest and costs, and is between citizens of different states. Removal to federal court is appropriate because:

   a. Plaintiff, Frank Constantino, sets forth in the Complaint that he is a resident of the State of New Jersey, residing at 540 Joralemon Street in Belleville, New Jersey (*See* "Exhibit A").

   b. At the time the State Action was commenced, ACE P&C was, and continues to be, a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania;

   c. At the time the State Action was commenced, defendant Metropolitan Property & Casualty Insurance Company a/k/a Metlife Auto & Home ("MetLife") was, and continues to be, a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business in Warwick, Rhode Island;

   d. Pursuant to 28 U.S.C. § 1441(a), the New Jersey federal district court disregards the citizenship of unnamed "Doe" or "ABC" defendants, which will not be deemed to destroy diversity or preclude removal. *Joshi v. K-Mart Corp.*, No. 06-5448, 2007 U.S. Dist. LEXIS 102523 (D.N.J. Sept. 6, 2007).

    e. Plaintiff's complaint does not specify the amount in controversy other than to state it exceeds the $15,000 jurisdictional threshold for the Superior Court of New Jersey;

    f. Plaintiff's complaint alleges, as a result of the alleged negligence of the defendants, Plaintiff:

> sustained injuries causing permanent disability, permanent significant disfigurement, permanent loss of bodily function, lost time from work and suffered an impairment in earning capacity, has incurred or in the future will incur expenses for the treatment of said injuries in excess of the applicable threshold, has been disabled, and will in the future, be disabled and not able to perform his usual functions, has been caused, and in the future will be caused, great pain and suffering, has been deprived, and in the future will be deprived, of his right to the enjoyment of life…; and

    g. Based on the foregoing, there appears to be a reasonable probability that the amount sought by the Plaintiff and in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b), because the Plaintiff's Summons and Complaint in this action was received by ACE P&C on August 21, 2017, which is within 30 days of the filing of this Notice of Removal.

4. Defendant MetLife consents to removal. Consent to Removal executed by counsel for MetLife is attached as "Exhibit B." The rule requiring that all defendants join in or consent to removal is disregarded with respect to unnamed "Doe" or "ABC" defendants. *Green v. Am. Online*, 318 F.3d 465, 470 (3d Cir. 2003). Therefore, all defendants consent to removal.

5. Pursuant to 28 U.S.C. § 1446(d), counsel for defendant, Ace P&C, will promptly, after the filing of this Notice of Removal, provide notice to adverse parties and file a copy of the notice with the clerk for the Superior Court of New Jersey Law Division, Essex County.

WHEREFORE, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, Defendant does hereby remove the State Court Action from the New Jersey Superior Court, which henceforth proceed in this Court.

                DEFENDANT: ACE PROPERTY & CASUALTY INSURANCE COMPANY, also incorrectly named as CHUBB INSURANCE COMPANY

By: */s/ Kevin Sullivan*
    Kevin Sullivan
    Traub Lieberman Straus & Shrewsberry LLP
    Mid-Westchester Executive Park
    7 Skyline Drive
    Hawthorne, NY 10532
    (914) 586 7064 Direct Dial
    (914) 347 8898 Fax

## **CERTIFICATION**

      This is to certify that a copy of the foregoing document was or will immediately be mailed or delivered electronically or non-electronically on September 19, 2017 to all parties and self-represented parties of record and to all parties who have not appeared in this matter and that written consent for electronic delivery was received from all attorneys and self-represented parties receiving electronic delivery.


                                        */s/Kevin Sullivan*